AIDA HEYLIGER, asistida de su esposo CÉSAR HEYLIGER, demandante y apelante, *v.* BERNABÉ FELICIANO, demandado y apelado.

Núm. 7056.—*Sometido:* Noviembre 20, 1936. *Resuelto:* Mayo 25, 1937.

*Enrique Báez García,* abogado de la apelante; *R. Rivera Zayas,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Aida Heyliger instó demanda contra Bernabé Feliciano fundada en que éste había herido maliciosamente las ubres de algunas de las vacas de ella, impidiendo así que tales vacas fuesen utilizadas para una lechería de que la demandante era propietaria. Para nuestros fines, podría decirse, que el demandado, aunque no ocupó la silla de los testigos, se basó en que la demandante había dejado de probar su caso.

La Corte de Distrito de Mayagüez revisó la prueba y dijo que no creía el testimonio de Telesforo Desjardines, único testigo que prestó declaración tendente a probar la responsabilidad del demandado. El testimonio de los otros testigos de la demandante careció de importancia. La corte dictó sentencia en su contra.

En apelación, la demandante, aunque reconoce el hecho de que este tribunal de ordinario no se pronuncia en contra de la conclusión de la corte inferior en lo que a la veracidad de determinado testigo se refiere, no obstante insiste en que la corte debió haber creído la declaración de Telesforo Desjardines y da también algún énfasis al hecho de que el demandado, que se hallaba presente en la sala de la corte, no ocupó la silla de los testigos. Hallamos que la corte inferior estuvo justificada al no creer la prueba de la demandante.

La presunción en que se basa la apelante aparece en la Ley de Evidencia así (Código de Enjuiciamiento Civil, artículo 464, ed. de 1933):

"Todas las demás presunciones serán satisfactorias, si no fueren contradichas. Se denominan presunciones disputables y pueden controvertirse mediante otra evidencia. Corresponden a esta clase las siguientes:

"    .        .        .        .        .        .        .        .        .

"5.—Que toda evidencia voluntariamente suprimida resultará adversa si se ofreciere."

Aunque existen casos que sostienen el criterio de que el hecho de que el demandado deje de ocupar la silla de los testigos no levanta ninguna inferencia en su contra, no obstante, dando peso al anterior precepto de nuestra Ley de Evidencia, el juez sentenciador en el presente caso aquilató la prueba de la demandante y tuvo derecho a dictar sentencia en su contra a pesar del silencio del demandado. Esta cuestión ha sido discutida en el caso de *Fajardo et al.* v. *Tió,* 17 D.P.R. 244 y en Wigmore on Evidence, Vol. 1, sección 290, pág. 597, nota 12.

El demandado levantó la cuestión del derecho de la demandante, mujer casada, a instruir el presente litigio a nombre propio, mas dada la conclusión a que hemos llegado, creemos innecesario considerar si la demandante tenía una causa de acción separada o si las palabras "asistida de su esposo" harían que este litigio fuera de naturaleza ganancial.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Señor del Toro no intervino.